UNITED STATES of America,
Plaintiff-Appellee,

v.

Tommy Ray HIGDON, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Iva Lee HIGDON, Defendant-Appellant.

Nos. 265–70, 266–70.

United States Court of Appeals,
Tenth Circuit.

Dec. 9, 1970.

Rehearings Denied Jan. 5, 1971.

Ed Abel, Oklahoma City, Okl. (Lampkin, Wolfe & Sokolsky, Oklahoma City, Okl., were with him on the briefs), for defendants-appellants.

William R. Burkett, U. S. Atty., for plaintiff-appellee.

Before PHILLIPS, PICKETT and HILL, Circuit Judges.

PER CURIAM.

On November 26, 1969, Tommy Ray Higdon and another person robbed the First National Bank of Terral, Oklahoma, the deposits of which were insured by the Federal Deposit Insurance Corporation, of $6,760, by putting in jeopardy the life of Ishmael McGuiness by the use of a dangerous weapon, to wit, a pistol, in violation of 18 U.S.C. § 2113(a) and (d).

Higdon entered a plea of not guilty. He escaped from custody. Thereafter, he was apprehended, withdrew his plea of not guilty, and entered a plea of guilty.

Iva Lee Higdon, his wife, waited in an automobile, and after the robbery had taken place drove Higdon away from the scene and aided him in avoiding apprehension. She was duly charged by information as an accessory after the fact, in violation of 18 U.S.C. § 3, and entered a plea of guilty to such charge.

After the pleas of guilty had been entered, the trial judge stated to the Hig-

dons that he regarded armed robbery as a very serious offense, and, in effect, said he wanted them to know that the sentences he would impose would not be light because they had entered pleas of guilty, but that he would have to wait until he had received and considered the presentence reports by the probation officer before deciding the sentences he would impose on them.

The sentence prescribed for a violation of 18 U.S.C. § 2113(d) is imprisonment for not more than 25 years or a fine of not more than $10,000, or both. The sentence prescribed for a violation of 18 U.S.C. § 3, as accessory after the fact, is imprisonment for not more than one-half the maximum term of imprisonment or a fine of not more than one-half the maximum fine prescribed for the punishment of the principal, or both.

After the presentence reports were received and considered by the court, the Higdons appeared in open court in person and with their self-employed attorney. The attorney made a plea for the probation of Iva Lee Higdon. He advised the trial judge that she was a first offender; that arrangements had been made for her to live with her mother-in-law in Dallas, Texas; and that the United States Attorney had advised the probation officer that he had no objection to probation for Mrs. Higdon. The court stated that the fact the United States Attorney did not object to probation did not "make any difference."

The court sentenced Higdon to imprisonment for a term of 20 years and Mrs. Higdon for a term of 10 years.

Each of the Higdons has appealed.

Higdon asserts that the trial judge abused his discretion in determining the sentence imposed on him, and Mrs. Higdon asserts the trial judge abused his discretion in determining the sentence imposed on her.

One ground on which they predicate their contention is the statement of the trial judge, following the pleas of guilty,

that he regarded armed robbery as a very serious offense and that they would not receive a light sentence, and the trial judge's statement with respect to the statement in the presentence report that the United States Attorney did not object to probation.

We see no basis whatever in such statements by the trial judge for the contention of an abuse of discretion.

The Higdons further contend that in determining the respective sentences he would impose on them, the trial judge ignored matter in the presentence report and other pertinent facts available to him.

We have carefully examined the record and find no support therein for such contention. In fact, we think it affirmatively refutes such contention.

Accordingly, the judgment in each case is affirmed.